UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

       Petitioner,

                                                Case No. 08-13104

v.                                           Honorable David M. Lawson

SHIRLEE HARRY,

       Respondent.
_____/

## **OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

The petitioner, Harold Cage, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for breaking and entering a barn with the intent to commit a felony therein, possession of burglar's tools, resisting and obstructing a police officer, and being a habitual offender by virtue of being convicted of four felonies. On November 10, 2008, the petitioner filed a motion to stay the proceedings, asking this Court to hold his petition in abeyance while he exhausts several claims not presented to the state courts in his direct appeal. The Court will grant the relief requested by the petitioner and administratively close the case while the petitioner completes his post-conviction proceedings.

I.

Mr. Cage was convicted on September 14, 2006 following a jury trial in the Saginaw County Circuit Court. The petitioner's convictions were affirmed on appeal, and the supreme court denied leave to appeal. *People v. Cage,* No. 273645 (Mich.Ct.App. March 13, 2008); *lv. den.* 481 Mich. 916; 750 N.W.2d 199 (June 23, 2008). On July 10, 2008, petitioner filed a petition for a writ of

habeas corpus in this Court, in which he asserts nine claims for relief. The petitioner asserted the tenth claim for relief in a supplemental pleading filed on October 10, 2008.

As Mr. Cage himself concedes, some of these ten claims have not been presented to the Michigan appellate courts as part of the direct review process. Having realized that, on November 7, 2008, the petitioner filed a post-conviction motion for relief from judgment under M.C.R. 6.500 *et seq.* The motion still remains pending at the Saginaw County Circuit Court. Then, the petitioner filed a motion in this Court to hold his petition in abeyance and to stay the proceedings in the case.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.

1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claim. The petitioner may file a motion for relief from judgment in state court pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's adverse disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

Although the petitioner has raised some of his habeas claims in the trial court, the Michigan Court of Appeals and in the Michigan Supreme Court, he conceded that some of his other claims have never been raised at the state-court level. The petitioner is now proceeding with the process by which he could exhaust his claims and prepare them for this Court's review. His motion in this Court requests that his habeas petition be stayed in the meantime rather than dismissed.

A dismissal of the action at this time could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided there is good cause for the failure to exhaust claims and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In this case, the Court finds dismissal of the petition may render subsequent petitions in this Court untimely. *See* 28 U.S.C. § 2244(d)(1). Mr. Cage was sentenced on September 14, 2006, and his conviction became final when the Michigan Supreme Court denied leave to appeal on June 23, 2008. Under the prison mailbox rule, Mr. Cage's habeas petition was "filed" on July 10, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001). The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Therefore, Mr. Cage would be in danger of exceeding the one-year period under 28 U.S.C. § 2244(d)(1)(A) if his petition were dismissed and he were to refile it once again upon completion of his matter in state courts.

The Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer*

*v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Supreme Court has instructed that stay and abeyance is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. The petitioner satisfies all of these requirements. The petitioner states that his claim was not presented as a federal constitutional claim in the state courts because his appellate attorney was ineffective. The alleged ineffectiveness of appellate counsel constitutes "good cause" to justify holding a habeas petition in abeyance during the petitioner's return to state court. Moreover, the petitioner's new claim is not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.

### III.

To avoid injustice, the Court will stay further proceedings in the current action until state courts adjudicate the petitioner's motion under M.C.R. 5.600 *et seq.* However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer*, 276 F. 3d at 781. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and

the petition may be dismissed." *Ibid.* (internal quotation omitted).

Accordingly, it is **ORDERED** that Mr. Cage's motion for stay of proceedings [dkt # 13] is **GRANTED**.

It is further **ORDERED** that the consideration of the petitioner's habeas corpus petition [dkt # 1] is **HELD IN ABEYANCE** pending the exhaustion of the petitioner's claims in Michigan state courts. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court should **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 20, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2008.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---