UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

       Petitioner,

                                     Case No. 08-13104

v.                                      Honorable David M. Lawson

SHIRLEE HARRY,

       Respondent.

_____/

**ORDER DENYING THE PETITIONER'S MOTION FOR WRIT OF MANDAMUS**

This matter is before the Court on the petitioner's motion for writ of mandamus. The present case is a habeas corpus action that has been held in abeyance so the petitioner would have an opportunity to exhaust unexhausted claims in state court. The petitioner alleges that he filed a motion for relief from judgment pursuant to Mich. Ct. R. 6.500-.508, and that motion was dismissed without a hearing. The petitioner did not appeal the ruling to the state appellate courts; rather, he moved in this Court to consolidate his state-court cases and order the state court to hold an evidentiary hearing in his case.

The Court is without authority to grant the relief requested by the petitioner. It is axiomatic that federal courts may not compel state officials to follow state law, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), and nor can they direct the state court to issue a certain decision on a postconviction motion in the habeas case, *see Cochran v. Mun. Court of City of Barberton, Summit County*, 91 F. App'x 365, 366 (6th Cir. Dec. 11, 2003). A federal court may only issue a writ of mandamus in relation to "an officer or employee of the United States or any agency thereof," *see* 28 U.S.C. § 1361, or to a state official to enforce rights protected by federal law, *CBS Inc. v. Young*, 522 F.2d 234 (6th Cir. 1975). Federal courts have no authority to issue a

writ of mandamus to guide a state court or its judicial officers in the performance of their duties, which the petitioner invites this Court to do. *See Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Rather than seeking redress in this Court, the petitioner must appeal the trial court's ruling to the appellate courts of the state. *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The petitioner may return to this Court to proceed with his habeas petition only after having exhausted all of his claims by fairly presenting them to the Michigan Court of Appeals and to the Michigan Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A). Alternatively, the petitioner may elect to reopen the case in this Court with respect to exhausted claims only, foregoing the simultaneous consideration of the unexhausted claims. However, doing so could bar the later consideration of the unexhausted claims because of the one-habeas-petition rule contained in the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(b)(2).

Accordingly, the petitioner's motion for writ of mandamus [dkt. # 27] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 4, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 4, 2009.

s/Lisa M. Ware
LISA M. WARE

---