UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

                Petitioner,                     Case Number 08-13104
                                                        Honorable David M. Lawson

v.

LLOYD RAPELJE,

                Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Harold Cage, presently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of breaking and entering a barn with intent to commit a felony therein, Mich. Comp. Laws § 750.110, possession of burglar's tools, Mich. Comp. Laws § 750.116, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81(d)(1). A Saginaw County, Michigan jury found the petitioner guilty of all three crimes, and the petitioner was sentenced as a fourth habitual offender to a prison term of six to twenty years on each count, although the prison term for resisting and obstructing a police officer was later amended to six to fifteen years. The petitioner argued that he was entitled to habeas relief because he was denied (1) his Sixth Amendment right to self-representation, (2) the effective assistance of counsel, and (3) a fair trial because of prosecutorial misconduct. The Court found that the petitioner was not entitled to relief because his claims lacked merit.

      Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §


2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner's claim that he was denied his Sixth Amendment right to self-representation clearly lacked merit. As the Court discussed in its opinion and order, the petitioner sent a number of letters to the trial court simultaneously asking to represent himself and seeking the assistance of counsel. "It is well settled that there is no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 681 & n.12 (6th Cir. 2004). Moreover, the petitioner allowed counsel to represent him at his trial and sentencing without making any subsequent demands to represent himself. The petitioner's acquiescence defeats his claim. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

The petitioner argued that his trial counsel was ineffective for the following reasons: his third and final attorney had a conflict of interest, did not visit him more than once before trial, failed to

call alibi witnesses at trial, and conspired with petitioner's former trial counsel and the prosecutor to deny him a fair trial. With respect to the alleged conflict of interest, the petitioner did not demonstrate that he was actually prejudiced by his counsel's alleged conflict of interest, and his argument that he did not have to establish prejudice because he was constructively denied the assistance of counsel altogether was meritless. As the Court's opinion and order noted, defense counsel actively represented the petitioner at trial, filing pretrial motions, participating in voir dire of the jury, making an open statement, cross-examining the prosecution witnesses, moving for a directed verdict and mistrial, and making a closing argument.

The petitioner failed to establish that he was prejudiced because his trial counsel only visited him once before trial. Petitioner's counsel was his third attorney and had contact with the petitioner's first two lawyers. Moreover, the petitioner did not offer any reason that would have necessitated additional visits. Similarly, trial counsel's failure to call alibi witnesses did not prejudice the petition because the petitioner did not indicate who would have acted as an alibi witness on his behalf, nor did he describe the nature of any proposed alibi testimony. Lastly, the petitioner offered absolutely no evidence that his trial counsel conspired with the prosecutor to deny him a fair trial.

The Court found that each of the petitioner's prosecutorial misconduct claims were meritless. First, the petitioner's claim that the prosecutor's use of Brandon Perry's testimony constituted using perjured testimony failed because the petitioner did not show that the prosecutor knew that Brandon Perry had testified falsely. Second, the prosecutor's mention of the petitioner's parole status was did not render the trial fundamentally unfair because the trial court offered a curative instruction to the jury. Third, the prosecutor did not vouch for her witnesses during closing arguments; she

merely referred to the evidence in the record and asked the jury to draw reasonable inferences. Fourth, the petitioner offered no evidence to rebut the Michigan Court of Appeals's factual finding that no exculpatory evidence was withheld from the petitioner. Fifth, the prosecutor did not shift the burden of proof, and any potential prejudice was cured by the trial court's lengthy instructions on the presumption of innocence and the proper burden of proof.

The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

>s/David M. Lawson
>DAVID M. LAWSON
>United States District Judge

Dated:   August 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2011.

>s/Deborah R. Tofil
>DEBORAH R. TOFIL

---