UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

        Petitioner,        Case Number 08-13104
                                        Honorable David M. Lawson

v.

LLOYD RAPELJE,

        Respondent.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION AND LEAVE TO FILE SUPPLEMENTAL PLEADINGS, DENYING MOTION FOR LEAVE TO APPEAL AND RECONSIDERATION, AND DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO FILE SECOND OR SUCCESSIVE HABEAS PETITION

On August 12, 2011, the Court filed an opinion and judgment denying a petition for writ of habeas corpus filed by petitioner Harold Case. Now before the Court are the petitioner's motions for reconsideration and leave to file supplemental pleadings, for leave to appeal, and for certificate of appealability and for leave to file a second or successive habeas petition. The petitioner's three motions seek relief on grounds either that are meritless or that the Court is not authorized to grant. Therefore, the motions will be denied for the reasons discussed below.

I.

Petitioner Harold Cage, presently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction of breaking and entering a barn with intent to commit a felony therein, Mich. Comp. Laws § 750.110, possession of burglar's tools, Mich. Comp. Laws § 750.116, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81(d)(1), and was sentenced to prison as a fourth felony habitual offender. The petitioner alleged that he was denied his rights to self-representation and the effective

assistance of counsel and deprived of a fair trial because of prosecutorial misconduct. After holding the petition in abeyance and administratively closed the case at the petitioner's request, the Court reinstated the petition, allowed the petitioner to file an amended petition, and ultimately denied Cage's amended petition and entered judgment against him.

The petitioner's three motions all request some combination of the following relief: (a) reconsideration of the Court's August 12, 2011 opinion and order denying amended petition for writ of habeas corpus, motions for evidentiary hearing and to remand, and motion for summary judgment; (b) a temporary stay of proceedings; (c) permission to file a second or successive habeas petition; (d) an evidentiary hearing; (e) leave to appeal the Court's August 12, 2011 opinion and order denying amended petition for writ of habeas corpus, motions for evidentiary hearing and to remand, and motion for summary judgment; (f) a certificate of appealability; and (g) leave to file supplemental pleadings.

II.

A.

The petitioner asks the Court to reconsider its August 12, 2011 opinion and order denying amended petition for writ of habeas corpus, motions for evidentiary hearing and to remand, and petitioner's motion for summary judgment. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The petitioner has not presented any evidence of a palpable

defect that misled the Court. Instead, the petitioner merely argues the same issues that the Court already addressed in its previous order denying the amended petition. The motion for reconsideration, therefore, will be denied.

### B.

The petitioner moves to stay the proceedings to allow the Michigan Supreme Court to rule on his motion for relief from judgment. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." *Ibid*. (internal citation omitted). A stay of proceedings must be compatible with the AEDPA's twin purposes of reducing delay in the execution of criminal sentences and encouraging the finality of state court judgments. *Ibid*. These twin purposes must be balanced against the interests served by the total exhaustion rule set forth in *Rose v. Lundy*. *Ibid.* Stay and abeyance are available only in limited circumstances, such as when the petitioner shows "good cause" for the failure to exhaust claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78. The Court held the petition in abeyance once before to allow the petitioner to exhaust his state claims. The petitioner moved to reopen the case after deciding to pursue only his exhausted claims. Now that the amended petition has been adjudicated, there is nothing left to abate. The petitioner's request, therefore, will be denied.

### C.

The petitioner requests that this Court grant him leave to file a second or successive habeas petition. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the sole authority to allow a petitioner file a second habeas petition. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Therefore, this Court must deny the petitioner's request because it has no authority to grant it. The petitioner is free to submit his request to file a second habeas petition with the court of appeals

D.

The petitioner requests that the Court hold an evidentiary hearing. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts allows a court to conduct an evidentiary hearing only if the petition is not dismissed. The Court already adjudicated the amended petition and dismissed it. Even if the petition was not dismissed, the Court would deny the petitioner's motion for an evidentiary hearing because it does not believe that "such a hearing could enable [the petitioner] to prove the petition's factual allegations." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). In fact, the Court previously denied two similar requests.

E.

The petitioner seeks leave to appeal the Court's August 12, 2011 opinion and order denying amended petition for writ of habeas corpus, motions for evidentiary hearing and to remand, and his motion for summary judgment. The petitioner does not need leave of this Court to file a notice of appeal, but he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The Court

denied a certificate of appealability on August 12, 2011. The petitioner is free to seek "a certificate [of appealability] from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

F.

The petitioner's request for a certificate of appealability will be treated as a motion for reconsideration of the Court's earlier order denying a certificate of appealability. The plaintiff has not presented any evidence of a palpable defect that misled the Court when it denied the certificate. Without such a showing, the Court must deny the petitioner's motion.

G.

Lastly, the petitioner seeks leave to file supplemental pleadings. The Court will interpret the petitioner's request as one to expand the record. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes expansion of the record by submission of "additional materials relating to the petition." Those materials may include "documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b) of the Rules Governing Section 2254 Cases in the United States District Courts. There are no grounds on which to grant the petitioner's request because the petitioner has not identified any documents or exhibits pertinent to his trial and conviction that he would like added to the record.

The request to file supplemental pleadings also may amount to a motion to expand the record on appeal under Federal Rule of Appellate Procedure 10(e). Rule 10(e) allows supplementation of the record on appeal only if an item is "omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). The petitioner has not suggested the district court record is incomplete or that

any item was omitted from the record through error or accident. His request, therefore, will be denied.

### III.

The petitioner's three motions either seek relief on grounds that are meritless or seek relief that the Court is not authorized to grant. Therefore, the petitioner's motions will be denied.

Accordingly, it is **ORDERED** that petitioner's motion for reconsideration and for leave to file supplemental pleadings pending the Michigan Supreme Court's decision [dkt. #95] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for leave to appeal and for reconsideration [dkt. #96] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for certificate of appealability and for leave to file a second or successive habeas petition [dkt. #97] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 29, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL